# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ANDREW S. GIULIANO AND MELANIE M. GIULIANO, <br><br> Plaintiffs, <br><br> v. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A., <br><br> Defendants. | Civil Action No.: 13-cv-320-M-LDA |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

This is an action to void a completed non-judicial foreclosure sale of a residential property formerly owned by the plaintiffs, Andrew Giuliano and Melanie Giuliano. Plaintiffs' lawsuit makes the same allegations that this Court has dismissed in *Lister v. Bank of America, N.A.*, No. 13-450, 2014 WL 1265922 (D.R.I. Mar. 28, 2014), *Era v. Morton Community Bank*, No. 11-455, 2014 WL 1265699 (D.R.I. Mar. 28, 2014), and *Clark v. MERS*, No. 12-802, 2014 WL 1259954 (D.R.I. Mar. 27, 2014). It should do the same here.

## ALLEGATIONS OF THE COMPLAINT

On October 5, 2005, Plaintiff Andrew Giuliano executed a promissory note in the principal amount of $229,000 (the "Note") in favor of American Mortgage Network. ("AMN"). Exhibit ("Ex.") A (Note). [1] As security for repayment of the Note, Andrew Giuliano and

---

[1] The Court may consider the mortgage loan documents without converting this motion to dismiss to one for summary judgment. *Clorox Co. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000) ("it is well-established that in reviewing the complaint, we may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment.") (internal quotations omitted).

Melanie Giuliano ("Plaintiffs") granted Mortgage Electronic Registration Systems, Inc. ("MERS") a mortgage (the "Mortgage") on the property located at 44 Sachem Street, Warren, Rhode Island (the "Property"). Compl., ¶¶ 1, 7; Ex. B (Mortgage).

On February 7, 2012, MERS assigned the Mortgage to Wells Fargo Bank, N.A. ("Wells Fargo") (the "Assignment"). Compl., ¶ 9; Ex. C (Assignment). Plaintiffs allege that "MERS attempted to assign this Mortgage to WELLS FARGO. ('Assignment') Nicholas Wolf signed. Nicholas Wolf had no authority to sign," and that on the date of the Assignment, "American Mortgage Network did not hold the promissory note." *Id.*, ¶¶ 9, 22. Plaintiffs further allege that "it is an impossibility for MERS to act as an agent for American Mortgage Network relative to the note and mortgage." *Id.*, ¶ 23. Plaintiffs seek a declaration that the assignee cannot enforce the mortgage.

As security for the loan, Plaintiffs granted a mortgage on the Property. Ex. B at 3. The Mortgage states in bold letters: "**MERS is the mortgagee under this Security Instrument**." *Id.* at 1 (emphasis in original). Plaintiffs agreed to convey the Property "to MERS (solely as nominee for Lender and Lender's successor and assigns) and to the successors and assigns of MERS, . . . with the Statutory Power of Sale . . . ." *Id.* at 3. The Mortgage further provides that:

> MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

The Mortgage also authorized sale of the mortgaged property in the event of a default under the note. Paragraph 22 provides:

> 22. Acceleration Remedies . . . . If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate in full of all sums secured by this [Mortgage] without further demand, and my invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable law . . . . [Upon meeting mailing and publication requirements], the

> Property shall be sold in the manner prescribed by applicable law. Lender or its designee may purchase the Property at any sale.

On February 7, 2012, MERS assigned the Mortgage to Wells Fargo. *See* Ex. C. Plaintiffs later defaulted on their loan, foreclosure proceedings were initiated and on September 10, 2014 a third party was the high bidder at the auction sale. *See* Compl. ¶ 86.

Plaintiffs filed this instant action on May 7, 2013. *See* Docket Entry ("D.E.") 1. By order dated November 6, 2013, upon recommendation of the Special Master, the Court removed this case from the Special Master program and lifted the "no-filing" stay due to an impasse in negotiations. *See* D.E. 7. The case was referred to mediation in front of Berry Mitchell. *Id.*

## ARGUMENT

**STANDARD OF REVIEW**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Bell Atlantic*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Bell Atlantic*, 550 U.S. at 557).

Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." *Id*. "[A] plaintiff . . . is . . . required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Era v. Morton Cmty. Bank*, CA 11-455-M, 2014 WL 1265699 (D.R.I. Mar. 28, 2014) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st. Cir. 1988)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 442 (1st. Cir. 2010) (en banc). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. (quoting *Bell Atlantic*, 550 U.S. at 570). That is, the plaintiff must allege facts supporting "each material element necessary to sustain recovery under some actionable legal theory." *Campagna v. Mass. Dep't of Envtl. Prot.*, 334 F.3d 150, 155 (1st Cir. 2003) (internal quotations omitted); *see also Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) ("Plausible, of course, means something more than merely possible . . . .").

"In passing upon a motion to dismiss for failure to state a claim, the reviewing court's focus on the well-pleaded facts is more expansive than might first be thought." *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008). "In addition to facts asserted in the pleadings, the Court may consider '(a) implications from documents attached to or fairly incorporated into the complaint, (b) facts' susceptible to judicial notice, and (c) concessions' in plaintiff's response to the motion to dismiss.'" *Thompson v. Bank of Am., N.A.*, CA 13-475-ML, 2013 WL 4807635, at *2 (D.R.I. Sept. 9, 2013) (quoting *Schatz*, 669 F.3d at 55-56). "Under certain 'narrow exceptions,' some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgment. These exceptions

4

include 'documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiffs' claim; [and] . . . documents sufficiently referred to in the complaint.'" *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). Thus, "the Court . . . can take judicial notice of . . . the underlying mortgage documents . . . ." *Chestnut v. Wells Fargo Bank, N.A.*, No. 10-CV-4244 (JS)(ARL), 2011 WL 838914, at *1, n.1 (E.D.N.Y. Mar. 2, 2011).

In cases where the Defendant is challenging the Plaintiff's standing to contest assignments of mortgage, the Court must determine whether the Plaintiff is alleging the mortgage assignment is "void, or merely voidable." *Wilson v. HSBC Mortgage Services, Inc.*, 744 F.3d 1, 9 (1st Cir. 2014). This Court cannot leave this analysis for a later stage in the case. Moreover, this Court is not required to take every single allegation at face value. Id. at 8. Where standing is a threshold issue, only if the Complaint states a claim (rather than a conclusion) that the operative assignment of mortgage is void, thereby challenging the foreclosing entity's status as mortgagee, does Plaintiff have standing to assert its claim and survive a Rule 12(b)(6) motion. Id. at 9 (*citing Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013); *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 291 (1st Cir. 2013)).

**THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT HAS ALREADY HELD THAT PLAINTIFFS' ALLEGATIONS STATE NO COGNIZABLE CLAIM UNDER RHODE ISLAND LAW**

This Court has previously dismissed indistinguishable complaints in *Clark, Era* and *Lister*. Those decisions compel dismissal here.

**A MORTGAGEE'S ASSIGNEE CAN FORECLOSE**

Plaintiffs claim that, under the terms of the Mortgage, only the Lender can invoke the statutory power of sale. Compl. at ¶ 30-32. This Court rejected this argument in both *Clark* and *Lister*. "MERS and [servicer] both have the right to foreclose on [lender's] behalf under Rhode

5

Island common and statutory law and pursuant to the mortgage." *Lister*, 2014 WL 1265922, at *7. Pursuant to Rhode Island law, "the mortgage granted the power of sale to MERS and to [servicer] as MERS's successor and assign." *Clark*, 2014 WL 1259954, at *9. The Rhode Island Supreme Court has also recently held that MERS can act in a nominee capacity for the owner of the note, and "can be a 'mortgagee' as that term is used in § 34-11-22." *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069, 1084 (R.I. 2013); *see also Mruk v. MERS*, 82 A.3d 527, 537 (R.I. 2013) (MERS, acting as nominee for the owner of the note, can also be a mortgagee, can exercise the statutory power of sale and can assign its interest in the mortgage to a third party).

### A FORECLOSING PARTY DOES NOT NEED TO POSSESS OR HOLD THE NOTE

Plaintiffs claim that Wells Fargo could not invoke the statutory power and foreclose on Plaintiffs' Mortgage because "American Mortgage Network never transferred possession of or negotiated the promissory note to WELLS FARGO or MERS" and "Wells Fargo does not hold the note." Compl. at ¶¶ 50, 55. These claims should be rejected at the outset because they are purely conclusory. *See, e.g., Lister*, 2014 WL 1265922, at *4. Indeed, this Court has previously rejected this argument. Under Rhode Island law "[w]hile mere possession of the note may entitle that person to enforce the terms and conditions contained within the note, a note owner may enforce its provisions even if it is not in possession of the note due to loss or destruction." *Id.* at *3. The Rhode Island Supreme Court has also rejected this argument:

> [W]e do not conclude that a foreclosing mortgagee must have physical possession of the mortgage note in order to effect a valid foreclosure. There is no applicable statutory language suggesting that the Legislature intended to proscribe application of general agency principles in the context of mortgage foreclosure sales. Accordingly, we interpret [Massachusetts foreclosure law] to permit one who, although not the note holder himself, acts as the authorized agent of the note holder, to stand 'in the shoes' of the 'mortgagee' as the term is used in these provisions." [W]e interpret the term "mortgagee" in our statutes in a similar fashion as did the Supreme Judicial Court of Massachusetts.

*Bucci*, 68 A.3d at 1086-87.

Pursuant to *Bucci*, even if Wells Fargo did not hold the Note, it could foreclose based on the legal title it obtained from the original mortgagee, MERS. Plaintiffs incorrectly claim that Paragraph 22 of the Mortgage only allows the Lender to invoke the Statutory Power of Sale. *See* Compl. at ¶ 32. Plaintiffs granted the authority to invoke the Statutory Power of Sale to MERS in the Mortgage, as follows:

> Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successor and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in the County of Providence.

Ex. B, at p. 3.

Therefore, Plaintiffs' claim that Wells Fargo did not possess or hold the Note fails to state a claim upon which relief can be granted. *See Mruk*, 82 A.3d at 537 ("[T]he transactional structure whereby equitable title to the mortgage was held by the lender and by each of its successors and assigns . . . while MERS held legal title to the mortgage was consistent with the law of this state."); *In re Mortg. Foreclosure Cases*, 2013 WL 4735638, at *3 (D.R.I. Sept. 3, 2013) ("[T]he MERS framework, which customarily separates the legal interest from the beneficial interest, corresponds with longstanding common-law principles regarding mortgages [and] there is no reason to doubt the legitimacy of the common arrangement whereby MERS holds bare legal title as mortgagee of record and the noteholder alone enjoys the beneficial interest in the loan.").

**THE ASSIGNMENT OF THE MORTGAGE DID NOT VIOLATE RHODE ISLAND LAW**

Plaintiffs also challenge the assignment through which Wells Fargo acquired legal title in the Mortgage and the authority to foreclose. This Court in *Clark, Era* and *Lister* has previously rejected Plaintiffs' arguments challenging such assignments.

> **This Court and the Rhode Island Supreme Court in *Bucci* Have Held that MERS and Its Successors and Assigns Can Serve as Mortgagee and Assign Mortgages.**

Plaintiffs claim that MERS cannot act as mortgagee or assign the Mortgage because MERS does not hold the Note. Compl. at ¶ 16, 18, 20, 21. The argument fails here for the same reasons that it failed in *Clark, Era* and *Lister*. This Court has held that borrowers lack standing to challenge a mortgage assignment on the grounds that the mortgagee did not hold the note. *Clark*, 2014 WL 1259954, at *8 (the "argument that the assignment is void because MERS was not the mortgagee and holder of the promissory note . . . does not provide a basis for finding standing"); *Era*, 2014 WL 1265699, at *4 (same); *Lister*, 2014 WL 1265922, at *6-7 (same).

It is well-established that MERS and its successors and assigns can serve as mortgagee and assign mortgages. Indeed, this Court noted that arguments to the contrary have been "uniformly rejected by the Rhode Island Supreme Court and the First Circuit." *Clark*, 2014 WL 1259954, at *8; *see Lister*, 2014 WL 1265922, at *6. Moreover, there is no requirement under Rhode Island law that the mortgagee must hold the note.[2] *Clark*, 2014 WL 1259954, at *8; *Lister*, 2014 WL 1265922, at *7. MERS, "acting in a nominee capacity for the owner of the note, can be a 'mortgagee' as that term is used in § 34-11-22." *Bucci*, 68 A.3d at 1084; *see Clark*,

---

[2] Rhode Island courts have long recognized that a mortgage may be held by an entity other than the note holder or owner of the secured debt. *E.g., Walsh v. Morgan*, 198 A. 555, 558 (R.I. 1938); *Allen v. Robbins*, 7 R.I. 33, 39 (1861); *Waterman v. Hunt*, 2 R.I. 298, 304 (1852).

2014 WL 1259954, at *8.[3] It follows, as this Court has observed, that MERS as mortgagee can assign its legal interest in a mortgage under Rhode Island law without holding the note.[4]

Therefore, the October 10, 2010 Assignment from MERS to Wells Fargo was lawful, regardless of who held the note. *See* Exhibit C. MERS was authorized to assign its legal interest in the Mortgage to Wells Fargo, regardless of who held the Note.

### The Assignment Complied with R.I.G.L. 34-11-1.

This Court rejected in *Era* the claim Plaintiffs make here that "[t]he assignment is void pursuant to R.I.G.L. 34-11-1." Compl. ¶ 24. *Era*, 2014 WL 1265699, at *3-4. Rhode Island General Laws § 34-11-1 provides that "[e]very conveyance of lands, tenements or hereditament absolutely, by way of mortgage . . . shall be void unless made in writing duly signed, acknowledged as hereinafter provided, delivered, and recorded in the records of land evidence in the town or city where the lands, tenements or hereditaments are situated." Here, the assignment was signed, notarized, and recorded, and "therefore is presumptively valid." *Hoecke v. First Franklin Fin. Corp.*, 2013 WL 1088825, at *4 (R.I. Super. Ct. Mar. 7, 2013). The Complaint fails to allege any facts that would overcome the presumption that the Assignment was presumably valid. The signature on the Assignment that Plaintiffs challenge was witnessed by a notary public. Exhibit C. The notarization affords a presumption of validity under Rhode Island law:

> Where an instrument of a private corporation appears in the chain of title, and the instrument is executed and acknowledged in proper form, it may be assumed that the persons executing the instrument were the officers they purported to be, and

---

[3] *See also In re Mortg. Foreclosure Cases*, 2013 WL 4735638, at *2-3 ("there is no reason to doubt the legitimacy of the common arrangement whereby MERS holds bare legal title as mortgagee of record and the noteholder alone enjoys the beneficial interest in the loan"); *Mruk*, 82 A.3d at 537 ("This Court recently addressed the question whether MERS, as the nominee for the owner of the note, could also be the mortgagee and exercise the statutory power of sale, and concluded that it could").

[4] *Clark*, 2014 WL 1259954, at *8; *Lister*, 2014 WL 1265922, at *6-7; *In re Mortg. Foreclosure Cases*, 2013 WL 4735638, at *2 n.4 (MERS may "lawfully assign its interest in a mortgage"); *Rutter v. Mortg. Elec. Registration Sys.*, 86 A.3d 381 (R.I. 2004) ("[T]he mortgage signed by [plaintiff] 'directly listed MERS and its assignees as having the statutory power, therefore permitting MERS to assign the Mortgage and permitting the assignee to foreclose'").

that such officers were authorized to execute the instrument on behalf of the corporation.

Rhode Island Title Standard No. 5.3.[5]

Here, the Complaint fails to state a claim under Rhode Island law because it alleges no facts to rebut the presumption that the Assignment was validly executed. The Complaint pleads the conclusion that the officer who executed the Assignment lacked authority (Complaint ¶ 10), but federal courts have repeatedly held that such generic pleading fails to state a claim under Rule 12(b)(6) standards.[6]

### MERS May Appoint Any Person to Serve as an Officer.

Plaintiffs also claim that the Assignment is invalid because the signatory had no power to sign, the signatory was not an officer of MERS, the signatory was a robo-signer and lacked requisite intent, and no valid power of attorney was recorded. Complaint ¶ 9-15. However, a borrower "has no standing to seek redress for an assignment allegedly made without authority because [the MERS officer's] act of signing the assignment, if outside of his authority, is merely voidable and would be actionable by MERS, not by [the borrower]." *Clark*, 2014 WL 1259954,

---

[5] *Hoecke*, 2013 WL 1088825, at *4 (where "the assignment of the Mortgage interest was executed by an individual who represented to a Notary Public that she was an employee of MERS and that she was authorized to execute the assignment on behalf of MERS," the assignment conforms to the statutory form of assignments set forth in § 34-11-12); *Cafua v. MERS*, 2012 WL 2377404 (R.I. Super. Ct. June 20, 2012) ("[A]s a matter of [Rhode Island] law, the assignment is presumptively valid"); *Dolan v. Hughes*, 40 A. 344, 344 (R.I. 1898) ("The presumption of law is in favor of the validity of the assignment and of the good faith of the transactions thereunder, and they must be proved to have been fraudulently made before the court can decide against them.").

[6] *See, e.g., Rivac v. Ndex West LLC*, 2013 WL 6662762, at *6 (N.D. Cal. Dec. 17, 2013) ("[P]laintiffs have not pled a single fact to support their conclusory allegations that the documents at issue were [executed improperly]"); *Huff v. Fed. Nat'l Morg. Ass'n*, 2013 WL 5639486, at *3 (E.D. Mich. Oct. 15, 2013) ("Plaintiff's blanket statement that 'upon information and belief,' he was the victim of [an improperly executed assignment] ... does not satisfy pleading requirements"); *Patel v. Mortg. Elec. Registration Sys., Inc.*, 2013 WL 4029277, at *4 (N.D. Cal. Aug. 6, 2013) ("[Assignment-executing] allegations must meet a heightened pleading standard because they are based in fraud"); *Maheu v. Bank of America, N.A.*, 2012 WL 1744536, at *6 (D. Md. May 14, 2012) (general assertion that assignment executed improperly "woefully failed to state a claim."); *In re Marks*, 2012 WL 6554705, at *9 (9th Cir. B.A.P. Dec. 14, 2012) ("Disparaging terms and unsupported allegations about what might have occurred with respect to the Assignment fail to establish any claim that it is void"); *Peterson v. GMAC Mortg., LLC*, 2011 WL 5075613, at *5 (D. Mass. Oct. 25, 2011) ("The bare speculative and conclusory [challenge to execution of assignment] is not entitled to any weight by the court.").

10

at *7. This Court has also held that "even if the signor of the assignment was a dual agent [of both MERS and the assignee], it does not affect the validity of the assignment." *Lister*, 2014 WL 1265922, at *5. Consequently, Plaintiffs' claims challenging the validity of the Assignment do not state a claim for which relief may be granted and must be dismissed under Rule 12(b)(6).

### THE SECURITY INSTRUMENTS ARE VALID AND ENFORCEABLE IN RHODE ISLAND

Plaintiffs allege that the Mortgage "is unsecured" pursuant to Rhode Island law. Complaint ¶¶ 64, 67. This is a non sequitur. A mortgage's purpose is to provide security in the form of real property for a borrower's repayment obligations under a note. A mortgage cannot be "unsecured." If Plaintiffs are arguing that the presence of MERS as mortgagee invalidates the Mortgage and foreclosure, the Rhode Island Supreme Court rejected this claim in *Bucci*:

> MERS, as nominee, stands in the shoes of the note owner with respect to the mortgage such that there is no separation. [T]he holder of the legal title to the mortgage –MERS– always has acted as an agent of the owner of the equitable title. In our opinion, this transactional structure is consistent with the law of this state . . . . MERS, as the holder of legal title, may be denominated as the mortgagee in the mortgage and may foreclose on behalf of the note owner.

*Bucci*, 68 A.3d at 1087-88; *see also Mruk*, 82 A.3d at 532-33.

### PLAINTIFFS' CLAIMS THAT THE NOTE IS CURRENT OR SATISFIED BY A THIRD PARTY ARE DEFICIENT

In Paragraph 49 of the Complaint, Plaintiffs claim that "[t]he note is current or has been satisfied by another third party." Compl., ¶ 49. This Court summarily dismissed the identical claim in *Era* as "a bald assertion if ever there was one and this Court cannot credit it as plausible without more information regarding any alleged payments or satisfaction of the debt." *Era*, 2014 WL 1265699, at *5. Plaintiffs' unsupported claim that their mortgage is current or has been paid by a third party must be dismissed.

### TO THE EXTENT PLAINTIFFS' ARE ALLEGING FRAUD THOSE ALLEGATIONS MUST FAIL

Plaintiffs make only the most general fraud allegations in their Complaint: "The mortgage is void due to fraud;" "[t]he note is void due to fraud;" and conclusory allegations about "deceptive practices regarding the false filing of documents." Compl., at ¶¶ 15, 65, 68, 90. These allegations have not been plead with the particularity required by Fed. R. Civ. P. 9(b). *See* Fed. R. Civ. P. 9(b) ("[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."). Here, just as in *Era,* "these allegations are conclusory, unsupported and thus not in compliance with Rule 9(b)'s 'particularity' requirement" and must be dismissed. *Era*, 2014 WL 1265699, at *6.

### PLAINTIFFS' ACTION TO QUIET TITLE FAILS AS A MATTER OF LAW

In Rhode Island, an action to quiet title may be brought by a party in order "to determine the validity of his, her, or their title or estate therein, to remove any cloud thereon, and to affirm and quiet his, her, or their title to the real estate." R.I. Gen. Laws § 34-16-4. Here, like in *Era*, Wells Fargo "had a clear chain of title and the right to foreclose on" Plaintiff's property based upon the mortgage and assignment. *Era*, 2014 WL 1265699, at *6. Plaintiffs' quiet title claim must, therefore be dismissed. *Id*.

### PLAINTIFFS ARE NOT ENTITLED TO PUNITIVE DAMAGES

Plaintiffs have asserted a claim for punitive damages. Punitive damages are not a claim on which a suit may be maintained. Furthermore, Plaintiffs have failed to establish their entitlement to punitive damages. Accordingly, their claim for them must be dismissed.

### PLAINTIFFS' DUE PROCESS RIGHTS HAVE NOT BEEN VIOLATED

Plaintiffs' claim that their due process rights have been violated must be dismissed because Plaintiffs have not alleged any government action undertaken by Defendants. *See DePoutot v. Raffaelly*, 424 F.3d 112, 117-18 (1st Cir. 2005). "Merely private conduct, no matter how discriminatory or wrongful" is excluded from actions brought under the Fourteenth Amendment and 42 U.S.C. § 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). Non-judicial foreclosure sales conducted pursuant to § 34-11-22 cannot violate a person's due process rights under 42 U.S.C. § 1983, because a non-judicial foreclosure is a private procedure undertaken by private parties pursuant to the power of sale contained in the mortgage. *Grapentine v. Pawtucket Credit Union*, 755 F.3d 29 (1st Cir. 2014). Therefore, a defendant's private actions cannot satisfy the public function test, the joint action/nexus test or the state compulsion test. *Id*. Plaintiffs' claim for a violation of their due process rights must be dismissed for its failure to state a claim upon which relief may be granted.

### V.    CONCLUSION

This Court's decisions in *Clark, Era* and *Lister* compel dismissal of the Plaintiffs' Complaint in this case.

| | |
|---|---|
| Dated:  October 24, 2014 | Respectfully submitted,<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>By their Attorney,<br><br>/s/ *Lauren Regis*<br>Lauren Regis, Esq. (#7808)<br>Seyfarth Shaw LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210-2028<br>Telephone:  (617) 946-4800<br>Fax:  (617) 946-4801<br>lregis@seyfarth.com |

## CERTIFICATE OF SERVICE

       I, Lauren Regis, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 24, 2014.


                     /s/  Lauren Regis
                     Lauren Regis