UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANDREW GUILIANO and MELANIE GUILIANO <br><br> Plaintiffs, <br><br> v. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., <br><br> Defendants. | C. A. No. 13-320-M-LDA |

## ORDER

The Court has reviewed the Complaint (ECF No. 1) and Defendants' Motion to Dismiss. (ECF No. 23). The Complaint in this case is very similar if not identical in all relevant factual and legal respects to the complaints filed in *Clark v. Mortg. Elec. Registration Sys., Inc.*, C.A. No. 12-802, —— F. Supp. 2d ——, 2014 WL 1259954 (D.R.I. March 27, 2014) and *Era v. Morton Cmty Bank*, C.A. No. 11–455–M, —— F. Supp. 2d ——, 2014 WL 1265699 (D.R.I. Mar. 28, 2014). *Clark* and *Era* were exemplar cases, chosen by the parties to establish precedent on legal issues common to a majority of the mortgage foreclosure cases.

The specific and relevant facts of this case as alleged in the Complaint are as follows: on October 5, 2005, the Plaintiffs executed a mortgage for $229,000.00 to MERS as nominee for Lender and Lender's successors and assigns. American Mortgage Network is the Lender. On February 7, 2012, MERS assigned the mortgage to Wells Fargo. Plaintiffs allege, among other things, that the assignment was void because there was no recorded power of attorney; MERS did not have the note and mortgage so the assignment was void; Wells Fargo did not have the

note and mortgage so the foreclosure was illegal; only the lender could invoke the statutory power of sale; only the lender could publish notice of sale as required in mortgage ¶ 22; and the note is current or has been satisfied. Plaintiffs did not oppose Defendants' motion and did not appear at the hearing to press any legal or factual arguments.

The Court finds that, based on the First Circuit Court of Appeals decisions in *Wilson v. HSBC Mortg. Serv.*, 744 F.3d 1 (1st Cir. 2014) and *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282 (1st Cir. 2013) and the Rhode Island Supreme Court's decisions in *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069 (R.I. 2013) and *Mruk v. Mortg. Elec. Registration Sys., Inc.*, 82 A.3d 527 (R.I. 2013), and this Court's decisions in *Clark* and *Era*, the Plaintiffs lack standing to pursue their claims because the allegations are merely that the assignment is voidable as opposed to void.

Moreover, Plaintiffs' allegations about MERS fail in the face of *Bucci* and *Moura v. Mortg. Elec. Registration Sys., Inc.*, 2014 WL 1998742 (R.I. May 16, 2014), which validated the MERS system and MERS' role as nominee on behalf of the note owner. *See also Ingram v. Mortg. Elec. Registration Sys., Inc.*, 94 A.3d 523 (R.I. 2014) (the assignee of lender's nominee acquired all the rights that the nominee possessed, including the right to exercise the power of sale over mortgaged property). Under the facts of this case, because MERS had the power to foreclose as mortgagee, once MERS assigned to Wells Fargo, it had the same power.

Finally, Plaintiffs' allegation that Wells Fargo did not hold the note so could not foreclose has been rejected by the Rhode Island Supreme Court when it held that "the note and the mortgage [does] not need to be held by one entity" in order to exercise the statutory power of sale. *Mruk*, 82 A.3d at 537 (citing *Bucci*, 68 A.3d 1084-85).

Plaintiffs' other challenges arising out of the mortgage and their default have no legal basis. Therefore, Defendants' Motion to Dismiss (ECF No. 23) is GRANTED. The case is dismissed as to all Defendants and all claims.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

December 4, 2014